BLUE, Judge.
In his appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Michael Palinski challenges the revocation of his community control. Because our independent review of the record reveals that the State failed to prove a willful and substantial violation of condition three, we reverse the revocation and remand for further proceedings.
Following an evidentiary hearing, Palin-ski was found to have violated two conditions of his community control: changing his residence without prior consent of his community control officer (condition three) and living and remaining at liberty without violating the law (condition eight). There is no question that Palinski violated condition eight by driving himself to the probation office without having a valid driver’s license.
As to condition three, the State presented testimony that Palinski had moved his residence prior to receiving permission or consent from his community control officer. However, the State failed to present evidence that the move was a willful violation of supervision. While on community control, Palinski resided with his sister, his sister’s female roommate, and children belonging to both his sister and the roommate. The relationship between Palinski and the roommate was always strained. On March 15, 1998, the tension between the two exploded and the roommate insisted that Palinski leave the apartment. Palinski went to his then-girlfriend’s father’s . house and, from there, called the emergency number given to individuals on community control and reported the situation and his current whereabouts. At the hearing, Palinski presented witnesses and a telephone bill to support his position that the alleged violation of condition three was not a willful violation. Indeed, the record shows that Pa-linski followed the procedure given to him by the Department of Probation and Parole. There is substantial evidence in the record that Palinski’s violation of this condition is excusable in light of the volatile situation with the roommate and Palinski’s prompt telephone call to the Department.
Because the greater weight of the evidence supports that Palinski did not willfully and substantially violate condition three and we are unable to determine whether the court would have revoked Pa-linski’s community control based on the violation of condition eight alone, we reverse and remand for further proceedings.
THREADGILL, A.C.J., and FULMER, J., Concur.